UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Erica Rohde,                                        File No. _____

            Plaintiff,

v.                                                  **COMPLAINT AND
                                                    JURY DEMAND**

City of Blaine,

            Defendant.
_____

For her Complaint against Defendant City of Blaine ("Defendant" or "City of Blaine" herein), Plaintiff Erica Rohde ("Plaintiff" or "Ms. Rohde" herein) states and alleges as follows:

<u>**Introduction**</u>

1.      On September 11, 2012, Ms. Rohde and her motor vehicle were unconstitutionally searched and seized by law enforcement officers employed by the City of Blaine pursuant to unconstitutional provisions of its official impoundment policy. As a result of the search and seizure, Ms. Rohde was charged with a felony offense by the Anoka County Attorney's Office. Ms. Rohde was convicted, but successfully challenged the legality of the search and seizure on appeal. Specifically, the Minnesota Supreme Court held the search and seizure violated Ms. Rohde's right under the Fourth Amendment to be free from unreasonable searches and seizures.

2.      Ms. Rohde sustained injury as a result of the unconstitutional search and seizure. She therefore brings the present action against the City of Blaine for money damages, as well as declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983 and Monell  v. Dept. of Social Services of the City of New York, 436 U.S. 658 (1978).

## Parties

3.      Plaintiff Erica Rohde is currently a resident of Sherburne County, Minnesota.

4.      Defendant City of Blaine is a municipality located in Anoka County, Minnesota. At all times relevant herein, the City of Blaine acted through its employees and agents acting within the course and scope of their employment and under color of law.

## Jurisdiction and Venue

5.      This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1391.

## Facts

6.      On September 11, 2012, City of Blaine police officer Barry Koch ("Officer Koch" herein) was conducting surveillance in an unmarked police vehicle. At approximately 4:10 p.m., Officer Koch observed a Chevrolet Monte Carlo leaving a residence. Officer Koch observed that a lone female occupant was driving the vehicle. While following the vehicle, Officer Koch ran a

2

registration check on the license plate and learned that the registered owner, Ms. Rohde, had a revoked driver's license. The check also revealed that the license plates on the vehicle were revoked.

7.    After discovering the foregoing information from the license plate inquiry, Officer Koch contacted City of Blaine police officer Albert Champagne ("Officer Champagne" herein) and requested that Officer Champagne execute a traffic stop on the Monte Carlo. Officer Koch followed the Monte Carlo in his unmarked vehicle for approximately four miles, and continued to monitor the Monte Carlo from a distance. Officer Koch did not observe any suspicious driving conduct. Neither did he observe any furtive movements or suspicious conduct by the lone female driver.

8.    Officer Champagne made initial contact with the Monte Carlo as it was traveling westbound on 99th Avenue east of Cloverleaf Parkway in the City of Blaine. Officer Champagne continued to follow the Monte Carlo and initiated a traffic stop. The Monte Carlo turned northbound onto a side street and pulled over on the side of the road. The road was a two-way public residential street. There are no driveways at or near the place of the stop, and the vehicle was not blocking traffic nor impeding the access to or egress from any place of business or residence. Additionally, the vehicle was not parked so as to violate any posted parking ordinances or laws.

9.    After stopping the Monte Carlo, Officer Champagne made contact with the driver, who he identified as Ms. Rohde. Officer Champagne advised Ms.

3

Rohde as to her revoked driver's license and revoked license plates. He additionally asked Ms. Rohde for proof of insurance on the vehicle, which she could not produce.

10.     Shortly after Officer Champagne made contact with Ms. Rohde, Officer Koch arrived at the location of the stop. Shortly after Officer Koch's arrival on scene, Officer Champagne removed Ms. Rohde from her vehicle. The stated reasons for removing Ms. Rohde were "no insurance, no proof of insurance, the revoked driver's license and displaying revoked plates." Ms. Rohde was escorted to Officer Champagne's squad, in which she was secured.  While walking toward the squad, Ms. Rohde asked Officer Champagne if she was under arrest. Officer Champagne replied to Ms. Rohde that she was "technically" under arrest, because she was not free to leave. At that time, Officer Champagne did not intend to transport Ms. Rohde to a detention facility.

11.     Ms. Rohde was secured in the rear of Officer Champagne's squad. Once Ms. Rohde was secured, Officer Koch commenced a search of the Monte Carlo, beginning on the passenger side. The search was conducted in accordance with the directives of the Blaine Police Department General Order 312.0, which sets forth the City of Blaine's policies and procedures for impoundments and inventories of vehicles (the "General Order" herein). The General Order was created and authored by administrators at the Blaine Police Department.

4

12.     The General Order contains a summary statement as to its purpose and the authority from which it derives its operating power:

PURPOSE

The purpose of the General Order is to set forth, in written form, the regulations that govern the impoundment of vehicles by sworn personnel of the Blaine Police Department.  Authority to impound motor vehicles is given by Minnesota Statute Section 169.32, 169.33, 169.041, 168B, 169.47 and Blaine Ordinance 19-35.

13.     The General Order contains several identified circumstances when impoundment of a vehicle is mandatory. In pertinent part, the General Order requires impoundment of a vehicle when a motor vehicle is stopped on a public street or highway and it is determined that the driver or passengers "are not legal." Additionally, impoundment is mandatory when a vehicle is stopped on public street or highway and it is determined the driver is uninsured.   The following is taken from the General Order:

312.01     CONDITIONS FOR VEHICLE IMPOUNDMENT:

A.     Motor vehicles shall be impoundment under the following circumstances:
       ...

       9.     The motor vehicle has been stopped on a public street or highway and it is determined that the driver or passengers (if present) are not legal (Suspended, Revoked, Cancelled, No Drivers License...etc) or physically able to drive.

       10.     The motor vehicle has been stopped on a public highway, street, or road and it is determined that the driver or owner does not have liability insurance pursuant to Minnesota Statute 169.797.

14. During a search of a purse inside the Monte Carlo, Officer Koch located methamphetamine and drug paraphernalia. Ms. Rohde was thereafter arrested and transported to the Anoka County Jail. The Monte Carlo was seized for forfeiture and towed from the scene.

15. On September 12, 2012, Ms. Rohde was charged in Anoka County District Court with one count of controlled substance crime in the fifth degree and one count of possession of drug paraphernalia in violation of Minn. Stat. §§ 152.025, subd. 2(a)(1) and 152.092 respectively.

16. On February 6, 2013, Ms. Rohde moved the district court to suppress the evidence resulting from the search of her vehicle, claiming that the impoundment and inventory search constituted violations of the Fourth Amendment to the United States Constitution and Article 1, Section 10 of the Minnesota Constitution. By a written order filed on March 1, 2013, the district court denied Ms. Rohde's motion to suppress evidence.

17. On March 6, 2013, Ms. Rohde agreed to a stipulated facts trial in the district court in order to obtain appellate review of the order denying Ms. Rohde's motion to suppress evidence. By an order filed on March 14, 2013, Ms. Rohde was adjudged guilty and convicted on all counts in the two-count criminal complaint. Ms. Rohde was sentenced on April 3, 2013.

18. Ms. Rohde thereafter appealed the conviction and sentence. On December 2, 2013, the Minnesota Court of Appeals released a published opinion

affirming the district court's order denying Ms. Rohde's motion to suppress evidence.

19.     On December 18, 2013, Ms. Rohde petitioned the Minnesota Supreme Court for discretionary review of the decision of the Minnesota Court of Appeals. By an order filed in the Minnesota Supreme Court on January 29, 2014, Ms. Rohde's petition for discretionary review was granted.

20.     Oral argument before the Minnesota Supreme Court was held on May 13, 2014.  On August 20, 2014, the Minnesota Supreme Court released a decision in Ms. Rohde's case reversing the district court and reversing the Minnesota Court of Appeals. The Minnesota Supreme Court held that the impoundment of Ms. Rohde's vehicle was unreasonable under the Fourth Amendment to the United States Constitution. The Minnesota Supreme Court reversed the decisions of the lower courts and remanded the matter to the Anoka County District Court for proceedings consistent with the Minnesota Supreme Court's decision.

21.     By an order filed in the Anoka County District Court on August 20, 2014, all evidence resulting from the search of Ms. Rohde's vehicle was ordered suppressed.

22.     By an order filed in the Anoka County District Court on September 17, 2014, Ms. Rohde's convictions and sentences were vacated, and the criminal case against her was dismissed with prejudice.

23.     As a result of the City of Blaine's deprivation of Ms. Rohde's Fourth Amendment right to be free from unreasonable search and seizure, and the resulting criminal case, Ms. Rohde has sustained injury including loss of freedom, loss of enjoyment of life, emotional distress, pain and suffering, and other general damages reasonably believed to exceed $50,000.00. Ms. Rohde also incurred special damages reasonably estimated to equal or exceed $12,635.87 for out of pocket costs paid in connection with the criminal prosecution, including but not limited to defense attorney fees and court costs.

24.     Ms. Rohde therefore brings the following claim for relief.

### Count I

### Deprivation of Plaintiff's Civil Rights – Monell Claim

25.     Plaintiff incorporates the foregoing paragraphs as if set forth herein.

26.     On September 11, 2012, law enforcement officers employed by the City of Blaine and acting under color of law searched and seized Ms. Rohde and her motor vehicle.

27.     The search and seizure was executed by the officers pursuant to the mandatory terms of Sections 312.01(A)(9) and 312.01(A)(10) of the official impoundment policy of the City of Blaine.

28.     The search and seizure deprived Ms. Rohde of her right under the Fourth Amendment to be free from unreasonable searches and seizures.

29.     Ms. Rohde sustained damages as set forth above. She is entitled to recover such damages, and to other relief, from the City of Blaine pursuant to 42

U.S.C. § 1983 and <u>Monell  v. Dept. of Social Services of the City of New York</u>, 436 U.S. 658 (1978).

## Jury Demand

Ms. Rohde demands a trial by jury on all counts so triable and any other such counts which may hereafter be alleged.

WHEREFORE, Plaintiff Erica Rohde respectfully requests the Court grant the following relief:

1.      Findings that Defendant City of Blaine searched and seized Ms. Rohde and her motor vehicle in violation of her Fourth Amendment rights, that Sections 312.01(A)(9) and 312.01(A)(10)  of the impoundment policy according to which the search and seizure were executed are unconstitutional, that Ms. Rohde sustained damages as a result of the search and seizure, and that the City of Blaine is liable to Ms. Rohde for such damages.

2.      A money judgment against Defendant City of Blaine for Ms. Rohde's general damages in an amount to be proven at trial and reasonably believed to exceed $50,000.00, and special damages in an amount to be proven at trial and reasonably believed to equal or exceed $12,635.87.

3.      An injunction prohibiting Defendant City of Blaine and its employees and agents from executing searches and seizures pursuant to the terms of Sections 312.01(A)(9) and 312.01(A)(10) of its impoundment policy, and further directing the City of Blaine to remove Sections 312.01(A)(9) and 312.01(A)(10) from its impoundment policy without delay.

4.    An award against Defendant City of Blaine of Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

5.    An award against Defendant City of Blaine for the costs and expenses incurred by Plaintiff in bringing this action.

6.    An award against Defendant City of Blaine for prejudgment interest.

7.    Any further and additional relief the Court deems just and equitable.

Respectfully Submitted,

MESHBESHER & ASSOCIATES, P.A.

Dated: __10/29/2014_____          __s/ Steven J. Meshbesher_____
                                  Steven J. Meshbesher (# 127413)
                                  Adam T. Johnson (#390581)
                                  Richard E. Student (#390266)
                                  225 Lumber Exchange Building
                                  10 South Fifth Street
                                  Minneapolis, MN 55402
                                  Phone: (612) 332-2000
                                  *Attorneys for Plaintiff*