UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERICA ROHDE,<br>Plaintiff,<br>v.<br>CITY OF BLAINE,<br>Defendant. | Civil No. 14-4546 (JRT/TNL)<br><br>**MEMORANDUM OPINION<br>AND ORDER AFFIRMING ORDER<br>OF THE MAGISTRATE JUDGE** |

Adam T. Johnson, Richard E. Student, and Steven J. Meshbesher, **MESHBESHER & ASSOCIATES, PA**, 225 Lumber Exchange Building, 10 South Fifth Street, Suite 225, Minneapolis, MN 55402, for plaintiff.

Joseph E. Flynn and Vicki A. Hruby, **JARDINE LOGAN & O'BRIEN PLLP**, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, for defendant.

Plaintiff Erica Rohde appeals United States Magistrate Judge Tony N. Leung's order granting Defendant City of Blaine's motion for leave to amend its answer. Because the Magistrate Judge's findings that the City of Blaine (the "City") acted diligently and that the amendment would not prejudice Rohde were not clearly erroneous or contrary to law, the Court will deny Rohde's appeal and affirm the order of the Magistrate Judge.

### BACKGROUND

Rohde commenced this action on October 29, 2014, asserting a civil rights claim against the City regarding a search and seizure of her vehicle. (Compl., Oct. 29, 2014, Docket No. 1.) Approximately six weeks earlier, on September 12, 2014, Rohde entered into a Stipulation of Settlement of Forfeiture and Order (the "Stipulation") with Anoka

County and the Blaine Police Department, in which she agreed to release those parties from all claims stemming from the search and seizure at issue in this action. (Aff. of Vicki A. Hruby ("Hruby Aff."), Ex. 1, Feb. 16, 2016, Docket No. 20.) On November 24, 2014, the City filed an answer to Rohde's complaint, but did not list the Stipulation as an affirmative defense. (Answer, Nov. 24, 2014, Docket No. 6.) Despite not being listed as an affirmative defense, the parties exchanged correspondence about the effect of the Stipulation in mid-June 2015. (*See* Aff. of Vicki Hruby ("Hruby Aff."), Exs. 2-3, Feb. 20, 2016, Docket No. 20.)

In the Pretrial Scheduling Order, the Court set June 1, 2015, as the deadline for moving to amend the pleadings and December 1, 2015, as the deadline for fact discovery. (Pretrial Scheduling Order, Jan. 26, 2015, Docket No. 12.) On February 16, 2016, after both of these deadlines had passed, the City moved to amend its answer to assert affirmative defenses relating to the Stipulation, including release, *res judicata*, collateral estoppel, and accord and satisfaction. (Mot. for Leave to Am. Answer, Feb. 16, 2016, Docket No. 17.)

On March 1, 2016, the Magistrate Judge granted the City's motion, finding that the City had good cause to amend. (Order, Mar. 1, 2016, Docket No. 26.) The Magistrate Judge noted that the Court's primary consideration in determining whether to grant a motion to amend the pleadings outside of the scheduling order's amendment deadline is the movant's diligence. (Mot. Hr'g Tr. at 12:3-5, Mar. 8, 2016, Docket No. 29.) The Magistrate Judge found that the City acted diligently because the City's "previous counsel handling this case withdrew"; a new "attorney took control of the file";

and the new attorney "immediately reviewed the file and attempted to rectify the deficient pleadings." (*Id.* at 12:23-13:6, 13:13-17.) The Magistrate Judge also found that the amendment would not prejudice Rohde or result in unfair surprise because Rohde knew about the Stipulation before she commenced this action, the parties discussed the effect of the Stipulation approximately six months before the close of fact discovery, and no further discovery would be needed. (*Id.* at 12:17-21, 13:17-19, 14:14-24.)

Rohde now appeals the Magistrate Judge's order.

## ANALYSIS

### I. STANDARD OF REVIEW

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must have a "definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

### II. ROHDE'S APPEAL

A motion to amend the pleadings brought after the deadline set out in the Court's scheduling order is governed by Federal Rule of Civil 16(b). *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Under Rule 16(b), the party moving

to amend must show "good cause" for doing so. *Id.* "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's" deadline for amending the pleadings. *Id.* (quoting *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the Court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* at 717.

In her appeal, Rohde argues the Magistrate Judge erred in finding that the City met its burden of showing good cause to amend. In particular, Rohde contends that the City did not act diligently. Rohde argues that the City possessed a copy of the Stipulation for multiple months before the scheduling order's amendment deadline. According to Rohde, this timeline – which the City does not dispute – belies any argument that the City acted diligently to amend its answer. Rohde also argues that the City has been represented by the same law firm and lead attorney since it filed its original answer on November 24, 2014, thus contradicting the Magistrate Judge's finding that the City's new counsel acted diligently after its original counsel withdrew.

Having reviewed the Magistrate Judge's findings as well as the complete record and the parties' arguments, the Court will overrule Rohde's appeal. First, the Magistrate Judge properly considered whether the City acted diligently as the primary measure of good cause, which is required under Rule 16(b). Second, the Magistrate Judge's basis for finding that the City acted diligently, and therefore had good cause to amend, was not clearly erroneous or contrary to law. Although the City has been represented by the same

law firm and at least one attorney since the City filed its original answer, the attorney who had primary responsibility for the file and for devising the legal strategy recently left the firm.  (Hruby Aff. ¶ 2.)  Whether by mistake or for some other reason, the prior attorney failed to move to amend the City's answer before the scheduling order's deadline.  However, when the file was transferred interoffice to a different attorney, that attorney immediately reviewed the file, discovered the omission of the Stipulation as an affirmative defense, and reached out to Rohde's counsel the next day seeking a stipulation to amend the City's answer.  (*Id.*)  When Rohde declined to stipulate to the amendment, the City shortly thereafter filed a motion to amend with the Court.  (*Id.*)  This conduct evidences diligence, and Rohde has proffered no authority or case law to show otherwise.  The Court thus finds that the Magistrate Judge did not make definite and firm mistake on the issues of diligence or good cause.

Additionally, because the Magistrate Judge determined that the City acted diligently, the Magistrate Judge did not err by also considering the lack of prejudice to Rohde.  And indeed, there is no evidence that Rohde will be prejudiced if the City is permitted to amend its answer.  As the Magistrate Judge found, Rohde knew about the Stipulation before she commenced this lawsuit, the parties discussed the effect of the Stipulation around six months before the close of fact discovery, and there is no indication that the amendment will necessitate further discovery.

Altogether, the Court finds that the Magistrate Judge's order granting the City's motion to amend its answer was not clearly erroneous or contrary law.  On this basis, the Court will overrule Rohde's appeal and affirm the order of the Magistrate Judge.[1]

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Rohde's appeal [Docket No. 30], and **AFFIRMS** the Order of the Magistrate Judge dated November 5, 2015 [Docket No. 26].

DATED:  April 15, 2016  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court

---

[1] Because the Court finds that the Magistrate Judge did not err in finding that the City acted diligently and had good cause to amend under Rule 16(b), the Court need not address the parties' arguments regarding whether Rohde should have identified the Stipulation in her initial disclosures.